UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM L. COLLINS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-717 RM |
| ) | |
| THOMAS J. ALEVIZOS, *et al.*, ) | |
| ) | |
| Defendants ) | |

<u>MEMORANDUM AND ORDER</u>

When William Collins filed this action, he was a prisoner confined at the LaPorte County Jail. The court granted Mr. Collins leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Mr. Collins has not yet paid the initial partial filing fee of $2.83 in this case.

The LaPorte County Jail has advised the court that Mr. Collins has been released from custody, and is no longer confined at the jail. Because Mr. Collins has been released from custody, there is no institutional account from which the initial partial filing fee can be paid. For purposes of the Prison Litigation Reform Act, the court must determine the plaintiff's status on the date the suit or appeal is "brought." <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023 (7th Cir. 1996). Mr. Collins was a prisoner when he submitted his complaint and request to proceed *in forma pauperis*. Where a prisoner has been released from custody before the court has made an *in forma pauperis* determination, the prisoner must pay any initial partial

filing fee he would have been liable for under the analysis of § 1915(b)(1). Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). In Robbins, the court required "prepayment of the sum that should have been remitted before release"). *Id.* at 898. Failure to pay the initial partial filing fee, and any installment payments the prisoner should have made before his release will result in the dismissal of this case for failure to prosecute.

Section 1915(b)(2) contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release from incarceration means that there is no longer a prison trust account from which to withdraw payments. When a prisoner is released from custody, the court must reconsider his pauper status and determine his ability to continue to make payments toward the filing fee. Robbins v. Switzer, 104 F3d at 898.

For the foregoing reasons, the court AFFORDS Mr. Collins to and including December 4, 2006, within which to pay the initial partial filing fee of $9.42, and within which to advise the court of his current financial situation, and DIRECTS the clerk to forward Mr. Collins a copy of the court's *in forma pauperis* petition for non-prisoners along with this order. **Failure to respond to this order may result in this case being dismissed without prejudice and without further notice.**

SO ORDERED.

DATED: November  21 , 2006

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court